IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JESSICA SUMMER MURRAY,

              Plaintiff

    VS.

CITY OF AMERICUS, GEORGIA, *et al.*,

              Defendants

NO. 1:07-CV-187 (CWH)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# O R D E R

    Before the court is a motion seeking summary judgment filed on behalf of defendants Jerry Harmon, Michael Middleton, Michael Miller, Robert Philmon, Page Selph, and the City of Americus, Georgia. Tab #20. This motion is supported by a brief, a statement of material facts, affidavits, and several exhibits. *See* Tab #22 and Tab #23. Plaintiff Jessica Summer Murray has filed a response to the motion. Tab #25. The motion is now ripe for review.

    All parties have heretofore consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. As a result, appeal from judgment may, by law, be taken directly to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

## FACTUAL AND PROCEDURAL BACKGROUND

    In her complaint, plaintiff Murray contends that the events giving rise to this action began during an allegedly illegal police road block conducted by defendant City of Americus, Georgia police officers Harmon, Middleton, Miller, Philmon, and Selph. According to the plaintiff, while driving home from a birthday party on September 28, 2005, she was unlawfully stopped, physically accosted, taunted, harassed, arrested, and taken into custody on suspicion of Driving Under the Influence (DUI). She then explains that, while at the police department, and in addition to being continually verbally taunted, she was not allowed to use a telephone for nearly three hours and was refused medical treatment and/or assistance for an asthma attack
.

Plaintiff Murray next asserts that the road block was conducted in violation of Americus Police Department policy and for the sole purpose of harassing and/or placing her under arrest. Indeed, she describes the incident as "the culmination of a long history of harassment and misconduct by the City of Americus Police Department toward her and her family." In view of the above, she asserts that her Fourth, Eighth, and Fourteenth Amendment, as well as certain Georgia State constitutional rights were violated. Moreover, and due to the physical injuries and severe emotional distress allegedly caused by these violations, plaintiff Murray seeks an unspecified amount of compensatory and punitive damages. In response, and after answering the lawsuit (Tab #8), the defendants filed the instant motion seeking summary judgment.

## **LEGAL STANDARDS**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*
>>
>> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences drawn therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the opposing party cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there are genuine issues of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

# DISCUSSION

In support of their motion seeking summary judgment, and by citing to and relying upon their statement of material facts, affidavits, and other exhibits, the defendants contend that the undisputed facts of this case are as follows: On September 28, 2005, defendant Philmon decided to set up the sobriety road block described above. When he made this decision, defendant Philmon was the on-duty supervisor and acting Division Commander of the Americus Police Department. At that time, department policy mandated that both the Division Commander and on-duty supervisor authorize any such road block. The defendants present at the site of the road block were Selph, Middleton, and Harmon. Defendant Philmon remained at the police station in order to operate the Intoxilyzer.

Every vehicle that encountered the roadblock was stopped. As one may expect, some drivers were further detained based on the officers' suspicion of DUI and various other violations. As for the plaintiff, she was one of at least three drivers suspected of, and subsequently arrested and charged with, DUI.

After approaching and making contact with the plaintiff, defendants Harmon and Selph thought that she smelled of alcohol and, as a result, suspected that she had been drinking. Consequently, she was asked to exit her vehicle. The plaintiff initially refused. Once out of her vehicle, she was unsteady on her feet. Following field sobriety test(s), she was arrested on suspicion of DUI, handcuffed, and then driven to the police station by defendant Selph. Once at the station, and after several unsuccessful attempts at submitting a sufficient breath test sample for the Intoxilyzer, plaintiff Murray was told that she was not blowing hard enough. Later, following a phone conversation with her parents, she was able to produce two sufficient breath samples. The resulting Intoxilyzer test results were 0.148 and 0.156. [2]

After processing, plaintiff was allowed to post bond and leave the station. She was at the station for about two and one-half hours (2.5) hours. The only injuries that the plaintiff claims to have sustained during the incident were a sore arm, an asthma attack, and emotional distress. She did not seek medical treatment for any of these alleged injuries. Moreover, she concedes that, prior to the evening in question, she never had a run-in with defendant Philmon nor does she believe that defendants Philmon, Harmon, Middleton or Selph hold any ill will against her.

---

[2] The plaintiff admitted that she had consumed as many as four beers prior to being stopped.

Following this account of the facts, and after reviewing the law of summary judgment, the defendants set out a series of detailed arguments in support of their assertion that plaintiff Murray has failed to sufficiently state any Fourth, Eighth, or Fourteenth Amendment or Georgia State Constitutional claims. In addition, they also argue entitlement to Eleventh Amendment, Qualified, Sovereign, and/or Official Immunity. Based on the above, the defendants assert entitlement to judgment as a matter of law.

By way of response, plaintiff Murray contends that, despite the defendants' assertions to the contrary, each of her claims is supported both by facts and law. She declares that, for purposes of summary judgment, the court is obliged to accept as true all of the facts that she testified about in her deposition. As such, and with regard to issues of material fact which she appears to contend are in dispute, the plaintiff makes the following allegations:

The plaintiff's first relevant allegations are that the September 28, 2005 roadblock was illegal and was conducted for the sole purpose of harassing and/or placing her under arrest. Regarding her assertion about the legality of the road block, plaintiff Murray relies upon portions of her deposition wherein she described the content of a letter from City Attorney William Rambo to Police Chief James Green. In this letter, Attorney Rambo offered his opinion that, while constitutional, the roadblock did not fully comply with departmental procedures. Plaintiff also notes that, pursuant to this opinion, the DUI charges made incident to the road block were subsequently dismissed.

With respect to the defendants' alleged motivation for conducting the roadblock, the plaintiff, once again citing her deposition, asserts that Mr. Adam Hood, a friend of the plaintiff's who was also arrested for DUI at the road block, told her father that he was told by one of "them" that the road block was set up for a particular person. In addition, and in like manner, the plaintiff added that Officer Perry Abair also told her father the same thing.

Next, plaintiff Murray avers that she did, in fact, suffer an asthma attack while at the police station and that, during this attack, she asked for and was refused any medical assistance. In support, plaintiff once again relies upon her deposition testimony.[3] Based on these assertions, plaintiff concludes that the defendants's motions seeking summary judgment should be denied and this matter scheduled for trial.

---

[3] Though the plaintiff's brief also contained assertions about verbal taunts and being "roughly" handled they do not appear sufficient to support a claim.

Having carefully reviewed the record in this case, it appears to the undersigned that the plaintiff's assertions are simply not sufficient to meet her burden on summary judgment. To begin with, in support of her allegations about the purpose and propriety of the roadblock, and in addition to her own unsupported and conclusory opinions, plaintiff cites two instances of double-hearsay and the opinion of the City Attorney which itself appears to validate the constitutionality of the roadblock. In the view of the undersigned, this evidence and her related arguments do not demonstrate that the decision to set up the sobriety check road block was unlawful or unreasonable nor do they satisfy her burden on summary judgment. *See U.S. v. Prevo*, 435 F.3d 1343 (11th Cir. 2006). Consequently, these arguments fail.

Regarding plaintiff's complaints about her arrest, she has admitted that she had as many as four beers on the evening of the roadblock. This admission, viewed together with the officers' undisputed observations, appears to demonstrate arguable, if not actual, probable cause for the plaintiff's arrest. When an officer has arguable probable cause to make an arrest, he or she enjoys qualified immunity from any subsequent claims concerning the propriety of the arrest. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724 (11th Cir. 2010). Consequently, these claims are also without merit.

As for plaintiff's assertion that she was subjected to excessive force at the time of her arrest, here again her claims fall short. While the Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest, the right to make an arrest necessarily carries with it the right to use some degree of physical coercion to effect it. See *Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002). In this case, plaintiff Murray alleges that she was handled roughly and handcuffed too tightly. As a result, she suffered a sore arm. In consideration of the plaintiff's description force used, coupled with her initial refusal to exit her vehicle, her allegedly unsteady appearance, her alleged degree of intoxication, and her apparently minor resulting injury, her claims of excessive force are not sufficient to rise to the level of a constitutional violation.

The next and final set of claims to be addressed are those of medical deliberate indifference. According to the plaintiff, while at the station, and during the time she was attempting to provide a breath sample, she suffered an asthma attack. Moreover, she claims that during this attack, she asked for and was refused any and all medical assistance. Thus, she concludes that her constitutional rights were violated.

"To prevail on a deliberate indifference to serious medical need claim, a plaintiff must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir.2009). A "serious medical need" is one that "if left unattended, poses a substantial risk of serious harm" and can be either: (1) "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"; or (2) one where "a delay in treating the need worsens the condition." *Id*. at 1307 (quotation marks omitted); see also *Danley v. Allen*, 540 F.3d 1298, 1310-11 (11th Cir.2008). To prove the requisite intent, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Id.* at 1312.

As an initial matter, the undersigned notes that the plaintiff has failed to produce *any* evidence of actual physical injury. Moreover, she has also failed to demonstrate that, in light of the circumstances that existed at the time of her alleged asthma attack, any defendant possessed subjective knowledge of a risk of serious harm or that such risk was disregarded by conduct that was more than gross negligence. In view of the above, and even when fully crediting the plaintiff's description of the events, the evidence in this case is simply does not demonstrate a colorable claim of medical deliberate indifference on the part of any defendant. As such, this claim also fails.

In view of the above, the defendants' MOTION FOR SUMMARY JUDGMENT is **GRANTED**.

**SO ORDERED,** this 23rd day of SEPTEMBER, 2010.



                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE